UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:16-cr-00174-JDL-2 |
| | ) | |
| RAFAEL BULI, | ) | |

**RECOMMENDED DECISION ON
MOTION TO MODIFY SENTENCE**

Defendant Rafael Buli moves to modify his federal sentence to run concurrently with a state sentence. (Motion, ECF No. 140.) Following a review of the record and Defendant's motion, I recommend the Court deny the relief requested.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In July 2017, Defendant was indicted on one count of conspiracy to possess with intent to distribute fentanyl in violation of 18 U.S.C. § 2, 21 U.S.C. § 846, and 21 U.S.C. § 841(a)(1), and one count of aiding and abetting the possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1). (Superseding Indictment, ECF No. 42.) Because at the time of his arraignment Defendant was in the custody of the commonwealth of Massachusetts, the Court issued a writ of habeas corpus ad prosequendum ordering the U.S. Marshal to take temporary custody of Defendant. (Writ, ECF No. 48.) In February 2018, Defendant pled guilty to both counts of the indictment. (Change of Plea Hearing, ECF No. 96.) The Court sentenced Defendant to be imprisoned for a total term of 80 months consecutive to his state sentence. (Judgment, ECF No. 119.)

## DISCUSSION

"Congressional enactments have deprived the district courts of their common-law authority to modify sentences at a defendant's behest." *United States v. Gonzalez-Rodriguez*, 777 F.3d 37, 38 (1st Cir. 2015). "Once a district court imposes a term of imprisonment, it may modify that term only to the extent authorized by 18 U.S.C. § 3582(c)." *United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008).

Under § 3582(c), the sentencing court may: (1) correct an arithmetical, technical or other clear error within 14 days after sentencing, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(a); (2) reduce a sentence upon the government's motion within one year of sentencing if the defendant provided substantial assistance investigating or prosecuting another person, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(b); (3) modify a sentence that was based on a guideline range which the Sentencing Commission subsequently lowered, *id.* § 3582(c)(2); (4) shorten a sentence for an elderly defendant no longer a danger to others, *id.* § 3582(c)(1)(A)(ii); and (5) reduce a sentence for extraordinary and compelling reasons, such as terminal illness, serious physical or cognitive impairment, or the death or incapacitation of the caregiver of a minor child, spouse or partner, *id.* § 3582(c)(1)(A)(i), U.S.S.G. § 1B1.13 Application Note. Beyond that "handful of narrowly circumscribed exceptions," the sentencing court "has no jurisdiction to vacate, alter, or revise a sentence previously imposed." *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017).

Because none of the exceptions applies to Defendant's sentence, this Court lacks the statutory authority to modify that sentence now that it is final. In support of his motion, Petitioner cites *Setser v. United States*, 566 U.S. 231 (2012), which held that a district court

has the discretion to determine whether a federal sentence should run consecutively or concurrently with an anticipated state sentence. *Id.* at 244. *Setser* addressed the district court's authority at the time of the original sentencing, however, not a request to modify a sentence after it became final. Furthermore, the record shows that the Court exercised its discretion as *Setser* allows. The Court specifically specified that Defendant's federal sentence should run consecutively to his state sentence, not concurrently.

Finally, Defendant asks the Court to modify his sentence to provide him credit for the time spent in state custody during the federal proceedings. However, "[i]t is settled law that under 18 U.S.C. § 3585(b), discretion to credit time served is vested in the Attorney General, through the Bureau of Prisons . . . and not in the sentencing court." *United States v. White*, 91 F. App'x 162, 163 (1st Cir. 2004); *see also United States v. Wilson*, 503 U.S. 329, 333 – 36 (1992). District courts may only address a defendant's credit calculations after he or she exhausts the Bureau of Prison's administrative procedures and, if still dissatisfied, initiates a habeas corpus proceeding in the district court. *United States v. Wetmore*, 700 F.3d 570, 574 (1st Cir. 2012) (citing 28 U.S.C. § 2241, *Reno v. Koray*, 515 U.S. 50, 53 (1995), and *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir.2000)).

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny the relief requested in Defendant's motion. (ECF No. 140.)

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

3

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of October, 2019.