UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) 2:16-cr-00174-JDL-2 |
| | ) |
| RAFAEL BULI, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

On February 22, 2018, Rafael Buli pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute fentanyl in violation of 21 U.S.C.A. §§ 846, 841(a)(1), (b)(1)(c) (West 2020), and one count of aiding and abetting the possession with intent to distribute fentanyl in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(c), and 18 U.S.C.A. § 2 (West 2020). On June 22, 2018, Buli was sentenced to a term of imprisonment of 80 months, to be followed by a term of supervised release of 3 years. Buli now moves for compassionate release under 18 U.S.C.A. § 3582(c)(1)(A)(i) (West 2020) (ECF No. 153).

The compassionate release statute, as amended by the First Step Act of 2018, Pub. L. No. 115–391, § 603(b), 132 Stat. 5194, 5239–41 (codified at 18 U.S.C.A. § 3582(c)–(d) (West 2020)), permits a court to consider a motion for compassionate release brought by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C.A.

§ 3582(c)(1)(A).  Once a court determines that it may consider a defendant's motion, the court may reduce the defendant's sentence if, after considering the factors set forth in 18 U.S.C.A. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i).

Buli asserts that extraordinary and compelling reasons warrant a reduction of his sentence because he has been rehabilitated and found new respect for the law. ECF No. 153 at 5.  He contends that he is "ready to return to society and become an honorable citizen and work hard to provide for [himself] and [his] family." *Id.*

Buli's professed newfound respect for the law is commendable.  But he has not asserted or established that he has any medical or health-related conditions placing him at an increased risk of severe illness from COVID-19.[1] *See United States v. Dent*, No. 2:15-CR-10-DBH-01, 2020 WL 6157693, at *1 (D. Me. Oct. 21, 2020) (noting that "rehabilitation alone is not to be considered an extraordinary and compelling reason" for granting compassionate release).  Because Buli's motion for compassionate release does not allege any extraordinary and compelling reasons which might warrant compassionate release, his motion for compassionate release must be denied.

---

[1] In a request for compassionate release made to the warden of his prison facility on June 1, 2020, Buli stated that he has a "severe sinus condition" that makes him "highly vulnerable" to COVID-19. ECF No. 153-3. However, in a subsequent July 7, 2020 request to the warden, Buli did not allege any sinus condition or other medical issue, and specifically wrote "n/a" in response to a box marked, "I have another health condition that I believe could put me at higher risk of infection or make severe illness more likely, or recovery more difficult."  ECF No. 153-1 at 1-2. Moreover, in his motion to this Court, Buli left blank a box in which he could have alleged "a serious physical or medical condition," attached no medical records, and made no mention of any medical conditions in his explanation of the basis for his request. ECF No. 153 at 4-5. Accordingly, Buli has not alleged any medical conditions that place him at an increased risk of severe illness from COVID-19.

It is therefore **ORDERED** that Buli's Motion for Compassionate Release (ECF No. 153) is **DENIED** without prejudice.

**SO ORDERED.**

Dated: October 22, 2020

                                                       /s/ **JON D. LEVY**
                                        **CHIEF U.S. DISTRICT JUDGE**